UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA on behalf of its agency SECRETARY of U.S. DEPARTMENT of HOUSING and URBAN DEVELOPMENT, <br><br> Plaintiff <br> v. <br><br> GEORGIA THOMAS (deceased); MICHAEL A. THOMAS;  WILLIAM A. THOMAS, JR.; VALERIA A. HILL; BARBARA J. PUMPHREY; JUANITA M. THOMAS; JACQUELINE MATTHEWS; KATHRYN HALL; MARY F. REYNOLDS; NEIGHBORHOOD HOUSING SERVICES of CHICAGO, INC. ("NHS"), an ILLINOIS not-for-profit CORPORATION acting as agent for the CITY of CHICAGO, ILLINOIS, a MUNICIPAL CORPORATION (the  'CITY'), through its DEPARTMENT of PLANNING and DEVELOPMENT; MIDLAND FUNDING LLC; PEOPLE of the STATE of ILLINOIS for the use of the DIRECTOR of the ILLINOIS DEPARTMENT of EMPLOYMENT SECURITY; JP MORGAN CHASE BANK, N.A. fka BANK ONE, N.A.; ATLANTIC CREDIT & FINANCE INC., assignee from HSBC; PORTFOLIO RECOVERY ASSOCIATES LLC; UNITED STATES of AMERICA; STATE of ILLINOIS; ILLINOIS HEALTHCARE and FAMILY SERVICES; unknown heirs and legatees of GEORGIA THOMAS; unknown owners and non-record claimants, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No.  19-c-00853 <br> ) <br> ) <br> ) Judge <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT TO FORECLOSE MORTGAGE

The United States of America, on behalf of its agency Secretary of U.S. Department of

Housing and Urban Development, by its attorney, John R Lausch, Jr, United States Attorney for

the Northern District of Illinois, for its cause of action alleges that:

1

1. This is a civil action brought pursuant to 28 U.S.C. § 1345, to foreclose the hereinafter described mortgage or other conveyance in the nature of a mortgage (hereinafter called "mortgage"), and joins the persons named in the caption as "Defendants", as parties hereto.

2. Georgia Thomas (hereinafter "Notemaker"), prior to the execution of a note and mortgage, per program requirements, were required to be advised and counseled regarding the United States' Home Equity Conversion Mortgage ("HECM") loan program which is regulated and set forth in 24 CFR Part 206, et. seq. and all subsequent handbooks (4330.1 REV-5), mortgagee letters, etc. as set forth by the Secretary of the Department of Housing and Urban Development. The purpose of this program is set forth in 24 CFR § 206.1, and as "…set out in section 255(a) of the National Housing Act, Public Law 73-479, 48 STAT. 1246 (12 U.S.C. 1715z-20)"; being further regulated by handbook 4330.01 Rev. 5 and all subsequent mortgage letters as issued and set forth by the Secretary of the Department of Housing and Urban Development.

3. On or about March 10, 1997, the Notemaker executed and delivered to Norwest Mortgage, Inc., a California Corporation and its successors and assigns, an adjustable rate note (Home Equity Conversion), attached hereto and made a part hereof as "Exhibit A" ("Note"). Under paragraph 2 of the note titled: **Borrower's Promise to Pay: Interest**, the Notemaker agreed to the following, to-wit:

> In return for amounts to be advanced by Lender to or for the benefit of Borrower under the terms of a Home Equity Conversion Loan Agreement dated March 10, 1997, ("Loan Agreement") Borrower promises to pay to the order of Lender a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest. All amounts advanced by Lender, plus interest, if not paid earlier are due and payable on July 23, 2063. Interest will be charged on unpaid principal at the rate of Six and 800/1000th percent (6.8000%) per year until the full amount of principal has been paid. The interest rate may change in accordance with Paragraph 5 of this Note. Accrued interest shall be added to the principal balance as a Loan Advance at the end of each month.

4. Simultaneously with the execution and delivery of the Note, and in order to secure the payment of said Note, Notemaker executed and delivered to Norwest Mortgage, Inc., a California Corporation, a mortgage, a copy of which is attached hereto and made a part hereof as "Exhibit B" ("Mortgage"). Said Mortgage was duly recorded on March 17, 1997, as Document No. 97180263, in the Cook County Recorder's Office in Cook County, Illinois. Said real estate is within the jurisdictional limits of the Court.

5. Norwest Mortgage, Inc., a California Corporation conveyed and assigned its interest in the Note and Mortgage to the Secretary of Housing and Urban Development ("United States of America") through mesne assignments. Said assignment was recorded in the Cook County Recorder's Office in Cook County, Illinois on February 26, 2003, as Document No. 0030273991, a copy of which is attached hereto and made a part hereof as Exhibit "C" ("Assignment").

6. Information concerning said Mortgage:

   A. <u>Nature of instrument:</u> Mortgage;

   B. <u>Date of mortgage:</u> March 10, 1997;

   C. <u>Name of mortgagor(s):</u> Georgia Thomas, a widow:

   D. <u>Name of mortgagee:</u>   Norwest Mortgage, Inc., a California Corporation;

   E. <u>Date and place of recording:</u> Recorded on March 17, 1997,  in the Office of the Cook County Recorder of Deeds;

   F. <u>Identification of recording:</u> Document No.  97180263;

   G. <u>Interest subject to the mortgage:</u> Fee Simple;

   H. <u>Amount of original indebtedness:</u> $94,500.00;

   I. <u>Both the legal description of the mortgage real estate and the common address or other information sufficient to identify it with reasonable certainty:</u>

3

(1) **Legal Description:**

LOT 37 IN BLOCK 1 IN B.F. JACOB'S SUBDIVISION OF THE NORTHWEST ¼ OF THE NORTHWEST ¼ OF THE SOUTHWEST ¼ OF SECTION 17, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

(2) **Commonly known as:** 5939 South Justine Street, Chicago, IL 60636

(3) **Permanent Index Number:** 20-17-301-020-0000

J. Statement as to defaults:

Total Balance Due as of (November 7, 2018): $147,788.28
Loan Default Date: on or about January 18, 2011

K. Name of present owner of the real estate: Michael A. Thomas

L. Names of persons in addition to said owner(s), but excluding any non-record claimants as defined in the Illinois Mortgage and Foreclosure Act who are joined as Defendants and whose interest in or lien on the mortgage real estate is sought to be terminated and alleged to be subordinate and inferior to the mortgage of the Plaintiff:

NEIGHBORHOOD HOUSING SERVICES OF CHICAGO, INC. ("NHS"), AN ILLINOIS NOT-FOR-PROFIT CORPORATION ACTING AS AGENT FOR THE CITY OF CHICAGO, ILLINOIS, A MUNICIPAL CORPORATION (THE 'CITY'), THROUGH ITS DEPARTMENT OF PLANNING AND DEVELOPMENT, who upon information and belief may claim ownership rights or an interest in the subject property by virtue of a lien recorded as Document No. 1607046093.

MIDLAND FUNDING LLC who upon information and belief may claim ownership rights or an interest in the subject property by virtue of a lien recorded as Document No. 1028712204.

PEOPLE OF THE STATE OF ILLINOIS FOR THE USE OF THE DIRECTOR OF THE ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY who upon information and belief may claim ownership rights or an interest in the subject property by virtue of a lien recorded as Document No. 1615501094.

JP MORGAN CHASE BANK, N.A. FKA BANK ONE, N.A. who upon information and belief may claim ownership rights or an interest in the subject property by virtue of a lien recorded as Document No. 0803826182.

4

ATLANTIC CREDIT & FINANCE INC., ASSIGNEE FROM HSBC who upon information and belief may claim ownership rights or an interest in the subject property by virtue of a lien recorded as Document No. 1017311000.

PORTFOLIO RECOVERY ASSOCIATES LLC who upon information and belief may claim ownership rights or an interest in the subject property by virtue of being the lien claimant under lien recorded as Document No. 1111911054.

UNITED STATES OF AMERICA who upon information and belief may claim ownership rights or an interest in the subject property by virtue of being the lien claimant under lien recorded as Document No. 0900526235 and No. 0626101041.

STATE OF ILLINOIS who upon information and belief may claim ownership rights or an interest in the subject property by virtue of being the lien claimant under lien recorded as Document No. 0030241909 and Document No. 1321035308.

ILLINOIS HEALTHCARE AND FAMILY SERVICES who upon information and belief may claim ownership rights or an interest in the subject property by virtue of being the lien claimant under lien recorded as Document No. 1718039160.

MICHAEL A. THOMAS who upon information and belief may claim ownership rights or an interest in the subject property as heirs to Georgia Thomas.

WILLIAM A. THOMAS, JR. who upon information and belief may claim ownership rights or an interest in the subject property as heirs to Georgia Thomas.

VALERIA A. HILL who upon information and belief may claim ownership rights or an interest in the subject property as heirs to Georgia Thomas.

BARBARA J. PUMPHREY who upon information and belief may claim ownership rights or an interest in the subject property as heirs to Georgia Thomas.

JUANITA M. THOMAS who upon information and belief may claim ownership rights or an interest in the subject property as heirs to Georgia Thomas.

JACQUELINE MATTHEWS who upon information and belief may claim ownership rights or an interest in the subject property as heirs to Georgia Thomas.

KATHRYN HALL who upon information and belief may claim ownership rights or an interest in the subject property as heirs to Georgia Thomas.

5

MARY F. REYNOLDS who upon information and belief may claim ownership rights or an interest in the subject property as heirs to Georgia Thomas.

UNKNOWN HEIRS AND LEGATEES OF GEORGIA THOMAS who upon information and belief may claim ownership rights or an interest in the subject property.

M.  Names of defendants claimed to be personally liable for deficiency, if any unless personal liability is discharged in a Bankruptcy proceeding or otherwise released:

NONE

N.  Capacity in which Plaintiff brings this suit: Plaintiff is the legal holder of the indebtedness.

O.  Facts in support of redemption period: The redemption period shall end on the later of (i) the date 7 months from the date the mortgagor or, if more than one, all the mortgagors (A) have been served with summons or by publication or (B) have otherwise submitted to the jurisdiction of the court, or (ii) the date 3 months from the date of entry of a judgment of foreclosure, if sought.

The redemption period shall be determined pursuant to 735 ILCS 5/15-1603.

P.  Statement that the right of redemption has been waived by all owners of redemption, if applicable: There has been no executed waiver of redemption by all owners of redemption; however Plaintiff alleges that it is not precluded from accepting such a waiver of redemption by the filing of this complaint.

Q.  Facts in support of request for fees, costs and expenses:

Plaintiff has been required to incur expenses in pursuing the foreclosure of the Subject Property.  Plaintiff is entitled to collection of all expenses incurred in the foreclosure proceeding, including, but not limited to, reasonable attorneys' fees and costs of title evidence as provided for under Paragraph 20 of the Mortgage.

R.  Facts in support of a request for appointment of mortgagee in possession or for appointment of receiver, and identity of such receiver, if sought:

Unless otherwise alleged, Plaintiff will pray for said relief after the filing of the instant foreclosure action by separate petition if such relief is sought.

S.  Offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale, if sought:

6

No allegation of an offer is made; however, Plaintiff alleges that is not precluded from making or accepting such offer by the filing of the instant foreclosure action.

T. <u>The names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated, and if not elsewhere stated, the facts in support thereof:</u>

MICHAEL A. THOMAS;  WILLIAM A. THOMAS, JR.; VALERIA A. HILL; BARBARA J. PUMPHREY; JUANITA M. THOMAS; JACQUELINE MATTHEWS; KATHRYN HALL; MARY F. REYNOLDS

7. Notemaker, Georgia Thomas, was deemed deceased on January 18, 2011. Plaintiff's counsel has a copy of the Certificates of Death available for inspection that is incorporated herein and made a part hereof as if fully written herein but is not included due to privileged information of Notemaker.

8. To the best of Plaintiff's knowledge, a probate was opened on April 4, 2011 in Cook County, Illinois, and was closed on March 28, 2014.

9. Under the Mortgage's paragraph 9 and the Note's paragraph 7, default occurred on the date of death of the Notemaker, Georgia Thomas.

10. Notemaker is indebted to the United States of America on behalf of its Agency, the Department of Housing and Urban Development, and there remains due the following sums to plaintiff: $147,788.28,  as of November 7, 2018, plus subsequent advances and interest (See Affidavit of Plaintiff as to Account and Amount Due, attached as Exhibit D):

(A) Principal: $74,735.71;

(B) Interest of: $54,662.75, plus interest accruing after November 7, 2018, at 3.790% at $17.37 per diem adjustable rate note/mortgage: initial signing rate of 6.8000% per annum and adjustable beginning June 1, 1997 and on that day of each successing year.

(C) Service Fee:  $7,830.00

(D) MIP        $10,559.82
Advances for tax payments and insurance set forth in 24 CFR 206.27 & 206.103, et seq. and HUD handbook 4330.1 (13014) et seq.

Total:  **$147,788.28**

plus interest accruing after at 3.790%, and all subsequent advances and expenses and costs incurred after November 7, 2018.

WHEREFORE, the United States of America prays:

1. For judgment against Georgia Thomas (deceased) and Michael A. Thomas, in the principal amount of $74,735.71 and interest in the amount of $54,662.75, Service Fee in the amount of $7,830.00 and MIP in the amount of $10,559.82, totaling $147,788.28, together with interest at the rate of 3.790% per annum commencing after November 7, 2018, and continuing thereafter to the date of judgment, plus interest thereafter at the legal rate, and all costs, disbursements, expenses and advances and payments made by the plaintiff after November 7, 2018;

2. That the Court find that said Mortgage of the United States of America is a good, valid, and subsisting lien against the real property in said mortgage, and more particularly in Exhibit "B" herein above referenced to and as therein described;

3. That the Court find that the United States of America is entitled to the foreclosure of said mortgage and the equity of redemption therein;

4. That the defendants herein named be required to set up their respective claims and liens pertaining to said real property as said real property is described in Exhibit "B", or be forever barred from hereafter asserting the same;

5. For an order foreclosing the mortgage and equity of redemption as set forth herein and the determining of the validity of all other claims and liens against the mortgaged premises, and subjecting the mortgaged premises to sale, free and clear of the liens and claims of the parties to this action, for the purpose of satisfying the claim of the United States of America;

6. That the priority of liens against the real property be determined by the Court, and the proceeds of the sale of said property, after proper court costs, be distributed among the owners and holders of liens against said property in the order of priority thereof as determined by the Court.

8

7.  An order granting a shortened redemption period, if sought;

8.  An order placing the mortgagee in possession, if sought;

9.  A judgment for attorneys fees, costs and expenses, if sought.

10. For appointment of a Special Commissioner, if deemed appropriate by this court;

11. Such other and further relief as this Court deems just.

Respectfully submitted,

JOHN R LAUSCH, JR
United States Attorney


By: *s/Ashley K Rasmussen*
    Ashley K Rasmussen
    Attorney for the United States
    arasmussen@potestivolaw.com
    223 W. Jackson Blvd., Suite 610
    Chicago, IL 60606
    (312) 263-0003